IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GREGORY CLEVELAND, § § § § *Plaintiff*, § § v. § KARNES/WILSON COUNTY JUVENILE § PROBATION DEPARTMENT, § § *Defendant*. § § | Civil Action No. 5:15-CV-530-XR |

## ORDER

Before the Court is Defendant's Rule 11 Motion for Sanctions. After careful consideration, the Court DENIES the motion.

## BACKGROUND

Plaintiff filed his original complaint against Defendant Karnes/Wilson County Juvenile Probation Department ("KWCJPD") on June 26, 2015, and his Amended Complaint on July 2, 2015. Docket No. 4. Defendant was served on July 13, 2015, and an answer or Rule 12 motion was due August 3, 2015. Docket No. 7. On July 29, 2015, Defendant filed a Rule 12 Motion to Dismiss, asserting that Plaintiff's claims were barred by limitations. Docket No. 8. Pursuant to Local Rule CV-7(e)(2), Plaintiff's response to the Motion to Dismiss was due within 14 days, or August 12, 2015, and Plaintiff timely responded on August 12, 2015. The day after filing its Motion to Dismiss, on July 30, 2015, Defendant served on Plaintiff (but did not file) a proposed Motion for Sanctions in compliance with Federal Rule of Civil Procedure 11(C)(2), which

requires that such a motion be served on the other party 21 days before it is filed with the court. On August 14, 2015, the court granted the Motion to Dismiss and dismissed the case. Docket No. 11. Defendant then filed the Rule 11 Motion for Sanctions on August 21, 2015. Docket No. 15. The motion asserted that the lawsuit was frivolous because it was barred by limitations. *Id.*

## LEGAL STANDARD

Pursuant to Rule 11(c), a motion for sanctions must meet two threshold criteria. First, under 11(c)(2), a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2). Second, sanctions under Rule 11 are only appropriate after the offending party has been afforded reasonable opportunity to reply. *Marlin v. Moody Nat'l Bank*, 533 F.3d 374, 377 (5th Cir. 2008), FED. R. CIV. P. 11(c)(1).

The 21-day rule in Section (c)(2) is "intended to provide a type of 'safe harbor' against motions under Rule 11." *Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (*quoting* FED. R. CIV. P. 11(c), Proposed Amendments to Federal Rules of Civil Procedure, advisory committee's notes, *reprinted in*, 146 F.R.D. 401, 591 (1993)). The purpose of this safe harbor is to give the offending party an opportunity to correct their allegedly offensive filings. *Elliot*, 64 F.3d at 216. This requirement, by the plain language of the rule, is mandatory. *Id.*

## ANALYSIS

"A party seeking sanctions must leave sufficient opportunity for the opposing party to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). In this

case, Defendant served the Motion for Sanctions on Plaintiff on July 30, 2015, and filed it with the court 21 days later in compliance with Rule 11. Docket No. 15. However, in the interim, the Court ruled on Defendant's Motion to Dismiss, thus cutting short Plaintiff's 21-day safe harbor.[1]

> One respected treatise addresses this precise situation:
>
> [E]ven if a motion for Rule 11 sanctions is served before the disposition of the claim, the motion will be rejected if the court disposes of the offending contention before twenty-one days have passed since the time the papers invoking the sanction provision were served, because the party has not been afforded the full twenty-one days to withdraw the challenged document.

Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1337.2 (3d ed. 2004). Although the Fifth Circuit does not appear to have considered this exact scenario, other courts agree with the treatise. *See Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) ("If the court disposes of the offending contention before the twenty-one day 'safe-harbor' period expires, a motion for sanctions . . . [is not permissible]. Any other interpretation would defeat the rule's explicit requirements."); *Stalley v. Mountain States Health Alliance*, Nos. 2:06-CV-216, 2:06-CV-217, 2010 WL 446929, at *2 (E.D. Tenn. Feb. 2, 2010) ("Since a motion or filing cannot be withdrawn or corrected once the case has been judicially disposed, it follows 'a party must now serve a Rule 11 motion on the allegedly offending party at least twenty-one days prior to the conclusion of the case or judicial rejection of the offending contention.' Defendants served their Rule 11 motions on February 14, 2007, and the Court dismissed the case on February 28, 2007. Therefore, sanctions cannot be imposed under Rule 11 in this case." (citations omitted)).

---

[1] The Court may issue a ruling on a dispositive motion in as little as fourteen days. LOCAL R. 7(e)(2). The Court ruled on the motion to dismiss on August 14, the sixteenth day after it was filed. Because the Court dismissed the case, Plaintiff could no longer withdraw his complaint.

The spirit and purpose of Rule 11 is to ensure the offending party has adequate time to amend or withdraw offensive claims.  The 21-day rule has been construed repeatedly by the Fifth Circuit as both mandatory and strict.  *Cadle Co. v. Pratt*, 524 F.3d 580 (5th Cir. 2008); *Tompkins v. Cyr*, 202 F.3d 770 (5th Cir. 2000); *Elliot v. Tilton*, 64 F.3d 213 (5th Cir. 1995).  Although this Court previously noted that it could consider a Rule 11 Motion for Sanctions filed after judgment, it may grant such a motion only if the safe harbor provision is satisfied and Plaintiff is given the full 21 days to withdraw a pleading.  That has not occurred here.

## CONCLUSION

Because Plaintiff has not been given the benefit of the safe harbor, Defendant's motion (docket no. 15) is DENIED.

SIGNED this 22nd day of October, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE